IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01443-NYW

ESTATE OF GABRIELLE MEDINA, by and through its personal representative, TIM MEDINA

    Plaintiff,

v.

JENIFER ROSS SAMUELS,
TINA CULLYFORD,
ELLE HEEG MILLER,
ALEX HERBERT,
TIFFANY NEARY,
KIMBERLY RETALLACK,
AMY DIXON,
STEPHANIE SHRAG,
RANDOLPH MAUL,
LETO QUARLES,
JILL KEEGAN,
and WARDEN RYAN LONG,

    Defendants.

_____

**DEFENDANT JENNIFER ROSS SAMUELS' ANSWER TO PLAINTIFF'S COMPLAINT (ECF #1) AND DEMAND FOR JURY TRIAL**
_____

Defendant Jennifer Ross Samuels, by her attorneys, D. Scott Rendleman and Trevor C. Lambirth of Hall Prangle & Schoonveld, LLC, submits the following Answer to Plaintiff's Complaint [ECF #1] and Demand for Jury Trial.

**ANSWER TO PLAINTIFF'S COMPLAINT**

1.    Defendant Nurse Practitioner Jennifer Ross Samuels ("Nurse Practitioner Samuels") denies the allegations directed against her in Paragraphs 1, 2, 67 - 69, 76, 78, 93, 100,

118, 121, 130 - 132, 143, 196, 199 – 202, and 205 of Plaintiff's Complaint and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of those paragraphs.

2. Nurse Practitioner Samuels admits this Court possess subject matter jurisdiction and venue over Plaintiff's claims, denies Plaintiff states any claim upon which relief may be granted against her and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraphs 3 and 4 of Plaintiff's Complaint.

3. Nurse Practitioner Samuels incorporates her answers to each allegation contained in her Answer as though those answers were fully set forth for her answers to Paragraphs 5, 19, 195, and 206 of Plaintiff's Complaint.

4. Nurse Practitioner Samuels lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to Paragraphs 6, 7, 9 – 18, 20 – 50, 58, 59, 62, 70 - 75, 77, 81 - 86, 88 - 92, 94 - 99, 101, 104 - 108, 111 - 117, 124, 125, 128, 135 - 142, 144 - 188, 190 – 194, 197, 203, 204, and 207 - 213 of Plaintiff's Complaint.

5. Nurse Practitioner Samuels admits only she was employed as a Nurse Practitioner at DWCF and that she acted under the color of law and denies the remaining allegations of Paragraph 8 of Plaintiff's Complaint.

6. Nurse Practitioner Samuels denies Paragraphs 51, 54, 55, 60, 63, 79, 87, 102, 103, 109, 110, 119, 120, 122, 123, 126, 127, 129, 133 and 134 of Plaintiff's Complaint as the medical records reflect significant medical facts that are not alleged in those paragraphs that make the allegations in those paragraphs inaccurate.

7. Nurse Practitioner Samuels admits only she had and has knowledge and training such that she was aware cancer can be a serious medical condition, denies that cancer requires "immediate treatment" to the extent that allegation implies same-day, urgent or emergent timing and denies the remaining allegations of Paragraphs 52, 56, 57, 61, 64 - 66, 80, and 198 of Plaintiff's Complaint.

8. Nurse Practitioner Samuels denies the allegations of Paragraphs 53 of Plaintiff's Complaint.

9. Nurse Practitioner Samuels admits only that she may consider some forms of cancer to be a chronic disease or condition but lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 189 of Plaintiff's Complaint, including whether cancer will be treated according to CDOC regulations.

## GENERAL DENIAL

Nurse Practitioner Samuels denies generally every allegation in Plaintiff's Complaint not specifically admitted in this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's claims do not rise to the level of constitutional violations sufficient to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983 against Nurse Practitioner Samuels.

2. The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by Gabrielle Medina's actions and/or the actions or omission of third parties over whom Nurse Practitioner Samuels had no control or right of control.

3. Plaintiff and Plaintiff's decedent failed to mitigate damages, if any, as required by law.

4. Nurse Practitioner Samuels complied with the applicable standard of care in her treatment of Gabrielle Medina.

5. At all times, Nurse Practitioner Samuels complied with all common law, statutory, regulatory, policy and constitutional obligations and acted without any intent to cause harm to Gabrielle Medina.

6. Plaintiff is not entitled to relief sought in the Complaint under any of the theories asserted.

7. Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Nurse Practitioner Samuels, nor were they proximately caused by or related to any action or omission of Nurse Practitioner Samuels.

8. Nurse Practitioner Samuels reserves the right to amend her Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses upon completion of additional investigation and discovery.

WHEREFORE, Nurse Practitioner Samuels, having fully answered Plaintiff's Complaint, requests the Court to enter judgment and award costs and fees in her favor and against the Plaintiff and to order such other relief this Court deems reasonable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant Nurse Practitioner Jennifer Ross Samuels hereby demands a trial by jury on all issues triable.

Dated this the 24th day of August, 2020.

Respectfully submitted,

**HALL, PRANGLE & SCHOONVELD, LLC**

*/s/  D. Scott Rendleman*
D. Scott Rendleman, Esq.
Trevor C. Lambirth, Esq.
475 17th Street, Suite 800
Denver, CO 80202
Tel: (303) 383-4080
Fax: (303) 383-4081
srendleman@hpslaw.com
tlambirth@hpslaw.com
**Attorneys for Defendant, Jennifer R. Samuels**

5

# CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 24th day of August, 2020, I electronically filed the foregoing **DEFENDANT JENNIFER ROSS SAMUELS' ANSWER TO PLAINTIFF'S COMPLAINT (ECF #1) AND DEMAND FOR JURY TRIAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Civil Rights Litigation Group, LLC<br>Raymond K. Bryant<br>Rachel B. Maxam<br>1543 Champa St., Ste. 400<br>Denver, CO 80202<br>Telephone: 720-515-6165<br>Facsimile: 303-534-1949<br>Email:<br>Raymond@rightslitigation.com<br>Rachel@rightslitigation.com<br><br>*Attorney for Plaintiff* | Patterson Ripplinger, P.C.<br>Jennifer L. White<br>1555 Quail Lake Loop, Suite 100<br>Colorado Springs, Colorado 80906<br>Telephone: 719-575-0010<br>Facsimile: 719-575-0020<br>Email: jwhite@prpclegal.com<br><br>*Attorneys for Defendants Tina Cullyford, Alex Herbert, Tiffany Neary, Amy Dixon, Randolph Maul, Jill Keegan, and Warden Ryan Long* |
| Nixon Shefrin Ogburn Drew, PC<br>Jessica Allison<br>5619 DTC Parkway, Suite 1200<br>Greenwood Village, CO 80111<br>Telephone: 303-773-3500<br>Facsimile: 303-779-0740<br>Email: jallison@nixonshefrin.com<br><br>*Attorney for Defendant Elle Heeg Miller* | Hall & Evans, LLC<br>David B. Gelman<br>Mark S. Ratner<br>1001 17th Street, Suite 300<br>Denver, CO 80202<br>Telephone: 303-628-3300<br>Facsimile: 303-628-3368<br>Email: gelmand@hallevansc.com<br>         ratnerm@hallevans.com<br><br>*Attorneys for Defendant Leto Quarles* |

                                                        /s/ Nicole R. Markus
                                                       Nicole R. Markus, Legal Assistant